IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAKUR COBBS GANNAWAY, *et al.*, | No. 4:24-CV-02115 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| GOURLEY, *et al.*, | |
| Defendants. | |

### MEMORANDUM OPINION & ORDER

#### FEBRUARY 12, 2025

Plaintiff Shakur Cobbs Gannaway lodged the instant pro se Section 1983 lawsuit in December 2024, alleging that numerous officials at SCI Camp Hill violated (or are violating) his constitutional rights.[1] Gannaway labeled his filing a "Criminal Complaint" and attempted to file the complaint on his behalf and on behalf of five other prisoners.[2] Only Gannaway signed the pleading.[3]

Gannaway did not pay the $405 filing fee or submit an application for leave to proceed *in forma pauperis* (IFP) with his complaint. Nor did any other putative plaintiff. The Court therefore issued its standard administrative order to every listed plaintiff, advising them that they each had 30 days to either pay the full filing fee or submit a properly completed IFP application.[4] On December 23, 2024,

---

[1] Doc. 1.
[2] *See id.* at 2.
[3] *See id.* at 2, 4.
[4] *See* Doc. 2 & Docket Annotation.

Gannaway filed his first motion for an extension of time to submit his IFP application.[5] The Court granted that motion, giving Gannaway 14 additional days to submit his IFP materials.[6] In this Order, the Court explicitly informed Gannaway that the 14-day extension applied only to him.[7]

On January 21, 2025, Gannaway timely filed his motion for leave to proceed IFP and prisoner trust fund account statement for the six months preceding the lodging of the complaint.[8] No other listed plaintiff complied with the Court's administrative order or sought an extension of time to do so. Accordingly, the Court granted Gannaway's IFP motion[9] and—after 30 days had elapsed—dismissed without prejudice the other five plaintiffs from the lawsuit for failure to comply with the Court's administrative order.[10] As part of the January 22, 2025 Order granting Gannaway's IFP motion, the Court informed Gannaway that he must submit the statutorily required initial partial filing fee of $5.25 before his case could proceed.[11] To date, that initial partial filing fee has not been received.

---

[5] Doc. 4.
[6] Doc. 7.
[7] *See id.* & n.1.
[8] *See* Docs. 8, 9.
[9] *See* Doc. 10.
[10] *See* Docs. 11, 12, 13, 17, 18. To the extent that Gannaway takes issue with every plaintiff being required to pay the full filing fee in installments if proceeding IFP, that challenge is meritless. *See Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009) (holding that plain language of 28 U.S.C. § 1915(b)(1) requires "each joined prisoner to pay the full individual [filing] fee" and that this requirement "is simply one price that a prisoner must pay for IFP status under the PLRA" (citing *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004))).
[11] *See* Doc. 10 ¶ 1; *id.* ¶ 7 ("No further action shall be taken in this case unless and until the initial partial filing fee set forth in paragraph 1 above is received by the Court. Plaintiff is admonished

Prior to dismissal of the other plaintiffs, Gannaway filed another request for himself and purportedly on behalf of the other putative plaintiffs for more time to submit the IFP documents.[12] This request presented two deficiencies: *first*, Gannaway is the only litigant to sign the complaint, and thus he is the only plaintiff in the action at this time[13]; *second*, Gannaway is a pro se prisoner who is not licensed to practice law, and thus he cannot represent other litigants (or file documents on their behalf) in this matter.[14] Furthermore, Gannaway provided no reasoning or explanation as to why the other listed plaintiffs could not request an extension of time if they desired one. The Court thus acted only as to Gannaway's extension request (as he cannot litigate on behalf of other plaintiffs) but dismissed that request as moot because Gannaway's IFP documents had already been received and his IFP motion granted.[15]

Gannaway subsequently filed several "objections,"[16] in which he asserts that he is intending to proceed with this case as a "class action" and therefore should

---

    that this case may be dismissed for failure to prosecute if the initial partial filing fee is not received within thirty (30) days from the date of this Order.").

[12] Doc. 14.

[13] *See* FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").

[14] *See Murray ex rel Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." (citation omitted)).

[15] *See* Doc. 16.

[16] Docs. 20, 21.

only be required to pay one filing fee.[17] The problem with this contention is that Gannaway has never moved for class certification or provided any legal basis as to why a class action would be appropriate in this case. In fact, it is exceedingly difficult to decipher exactly *what* Gannaway is alleging as the basis of his lawsuit, as his disparate claims pinball between purported legal mail tampering[18] to alleged falsification of urine tests[19] to procedural due process issues with misconduct hearings[20] to obstruction of justice[21] to "systemic racism"[22] to being denied a better prison job.[23] Indeed, it is nearly impossible to ascertain exactly why Gannaway is suing under 42 U.S.C. § 1983 or which SCI Camp Hill official or officials are the target of his allegations.[24] Moreover, no screening of his complaint under 28 U.S.C. § 1915A has yet occurred because Gannaway has not submitted the statutorily mandated initial partial filing fee.

Accordingly, Gannaway is admonished that if he desires to pursue his Section 1983 lawsuit, he must submit his initial partial filing fee or establish that he is financially unable to do so. He is further admonished that, as mandated by 28

---

[17] In one objection, Gannaway incorrectly asserts that this Court "granted a class-action civil su[it] that has been consolidated by the United States District Court Middle District [sic]." *See* Doc. 20 at 1. No motion for class certification has been filed, briefed, or granted in this case.
[18] Doc. 1 at 2.
[19] *See id.* at 2, 3-4.
[20] *See id.* at 4.
[21] Doc. 20 at 1.
[22] *Id.*
[23] *Id.* at 2.
[24] The Court further observes that unrelated claims against different defendants cannot be brought in the same lawsuit. *See* FED. R. CIV. P. 20(a)(2).

4

U.S.C. § 1915(b), he will be required to make monthly installment payments on the $350 filing fee until that fee is paid in full, regardless of the outcome of this litigation. His "objections" to this Court's prior orders—to the extent those objections require a response—will be overruled, as he has failed to establish any factual or legal reason why the prior orders were incorrect.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Gannaway's "objections" (Docs. 20, 21) are overruled.

2. As previously ordered, Gannaway must submit the $5.25 initial partial filing fee by <u>February 21, 2025</u>. **No further action** shall be taken in this case unless and until that fee is received. If Gannaway is unable to pay this initial partial fee, he must—under penalty of perjury—submit written notice to the Court attesting that he is financially unable to pay the initial partial fee. The Court will then request an updated copy of Gannaway's prisoner trust fund account statement for verification before proceeding to mandatory screening under 28 U.S.C. § 1915A(a).

3. Gannaway is admonished that, as a non-attorney pro se plaintiff, he may not represent other litigants in this action or file documents on their behalf.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge