# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAKUR COBBS GANNAWAY, *et al.*, | No. 4:24-CV-02115 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| GOURLEY, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION & ORDER

### APRIL 29, 2026

Plaintiff Shakur Cobbs Gannaway lodged the instant *pro se* Section 1983 lawsuit in this Court in December 2024, alleging that numerous officials at SCI Camp Hill (where he was then incarcerated) had violated his constitutional rights.[1] Since lodging his "criminal complaint,"[2] which the Court liberally construed as a civil rights lawsuit, Gannaway has struggled to comply with Court orders and to take necessary steps to prosecute his lawsuit. The Court need not rehash those procedural difficulties, as they are outlined in detail in the Court's February 12, 2025 Memorandum Opinion and Order[3] and in its April 8, 2025 Memorandum Opinion.[4]

---

[1]  Doc. 1.
[2]  *Id.*
[3]  *See* Doc. 22 at 1-4.
[4]  *See* Doc. 27 at 1-3.

After extensive procedural delays, Gannaway finally properly moved for leave to proceed *in forma pauperis* and submitted the statutorily mandated initial partial filing fee. The Court then screened his complaint as required under 28 U.S.C. § 1915A(a).

Gannaway's *pro se* complaint was difficult to follow. As noted in the Court's February 12 opinion, his disjointed allegations involved (1) purported legal mail tampering, (2) alleged falsification of drug tests, (3) procedural due process issues, (4) obstruction of justice, (5) alleged "white supremacy" and "systemic racism," and (6) being denied a better prison job.[5] It was likewise difficult to discern who Gannaway was targeting with his myriad allegations, as he had named numerous prison officials but did not specify what any official did (or did not do) that purportedly violated *his* civil rights.[6]

The gist of Gannaway's lawsuit, as best as the Court could tell, was that he was the alleged victim of a fabricated positive drug test (possibly involving a urine screening), which purportedly resulted in denial of parole.[7] Gannaway did not provide any details regarding when this incident occurred, when his parole was denied, who was responsible for the allegedly unlawful conduct, or what remedies—if any—he had sought at the prison or state level.[8]

---

[5]    *Id.* at 4 (citations and footnotes omitted).
[6]    *See generally* Doc. 1; *see* Doc. 22 at 4.
[7]    *See* Doc. 22 at 2, 4; *see also* Doc. 23 at 1 (indicating that his lawsuit concerns a "false/positive drug & urine test" that resulted in his "original date for being parole[d]" being "taken").
[8]    *See* Doc. 27 at 2-3.

Gannaway also did not expressly state what relief he was seeking in his civil rights lawsuit,[9] other than possibly the criminal prosecution of prison officials, which this Court cannot grant.[10] This, too, was a material omission. As the Court explained, if Gannaway was seeking release from prison, he must pursue his claim through habeas corpus, not a civil rights lawsuit.[11] If he was seeking monetary damages or a form of injunctive relief that does not implicate the fact or duration of his confinement, then a Section 1983 lawsuit is the appropriate procedural vehicle.[12]

Despite these material omissions, the Court endeavored to screen Gannaway's *pro se* pleading. The first deficiency the Court noted was that Gannaway had failed to allege personal involvement for his Section 1983 claims for most of the defendants named in his complaint.[13] Next, the Court explained

---

[9]   *See id.* at 3.

[10]   *See United States ex rel. Savage v. Arnold*, 403 F. Supp. 172, 174 & n.2 (E.D. Pa. 1975) ("[C]riminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions. It has been repeatedly held that the Executive Branch through the Justice Department and U.S. Attorneys is charged with enforcement of federal criminal law and in this area has broad discretion in determ[in]ing whether or not to prosecute. In the exercise of such discretion U.S. Attorneys are immune from control or interference through mandamus or otherwise by private citizens or by courts." (quoting *Bass Angler Sportsmen Soc. v. U.S. Steel Corp.*, 324 F. Supp. 412, 415 (D. Ala.), *aff'd*, 447 F.2d 1304 (5th Cir. 1971))); *see also Wheeler v. Ulisny*, 482 F. App'x 665, 669 (3d Cir. 2012) (nonprecedential) ("[A] private citizen cannot file a criminal complaint in court nor is there a federal right to require the Government to initiate criminal proceedings."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Kennan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964).

[11]   *See* Doc. 27 at 3 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973) (explaining that habeas corpus is the exclusive instrument for challenging the fact or duration of confinement)).

[12]   *See id.* (citing *Preiser*, 411 U.S. at 494).

[13]   *See id.* at 6-8.

that if Gannaway was attempting to assert a Fourteenth Amendment procedural due process claim with respect to the denial of parole, his complaint failed to plausibly allege such a claim against any defendant.[14]

Thus, on April 8, 2025, the Court dismissed Gannaway's Section 1983 complaint but granted him leave to amend.[15]  The Court gave Gannaway specific directions for amendment and warned him that failure to timely file an appropriate amended pleading would result in the dismissal without prejudice automatically converting to dismissal with prejudice and the closure of his case.[16]

The Court mailed copies of the April 8, 2025 opinion and order to the SCI Camp Hill address Gannaway had provided.  However, it appears that Gannaway was transferred to a halfway house in Philadelphia, Pennsylvania, shortly before those documents were mailed.[17]  Gannaway, however, had failed to inform the Court of his change of address in writing (as he was required to do),[18] so the documents eventually were returned to sender by the United States Postal Service.[19]  In the meantime, Gannaway alleges that he contacted the Clerk's Office via telephone on several occasions (according to Gannaway, he called the Clerk's

---

14    *Id.* at 8-10.
15    *See id.* at 10-11; Doc. 28.
16    Doc. 27 at 11.
17    *See* Doc. 32 at 1.
18    *See* Doc. 3 at 1; Doc. 3-2 at 3-4.
19    *See* Docs. 29, 30.

Office on April 12, 19, and 24), and was informed that his case had been dismissed.[20]

Gannaway eventually submitted an undated letter, received by the Court on April 30, 2025, in which he explicitly stated that he intended the letter to be "a notice of appeal to the United States Court of Appeals Third Circuit."[21]  Earlier that day, the Court had dismissed Gannaway's case with prejudice for failing to file an amended complaint.[22]  The Court treated Gannaway's letter as a notice of appeal, as he requested, and transferred that notice and the certified record to the United States Court of Appeals for the Third Circuit.[23]

On appeal, the Third Circuit affirmed the dismissal of Gannaway's complaint for failure to state a claim[24] but found that—due to his transfer to a halfway house and his allegations that he did not receive his mail from SCI Camp Hill—Gannaway should have another opportunity to file an amended complaint.[25] The panel thus vacated this Court's judgment "to the extent it gave the dismissal of Gannaway's complaint prejudicial effect," and remanded the matter to this Court to determine whether Gannaway should be given an extension of time to file an amended complaint.[26]

---

[20]   *See* Doc. 32 at 1.
[21]   *Id.*  The envelope of this letter likewise stated "notice of appeal."  *See id.* at 2.
[22]   Doc. 31.
[23]   *See* Doc. 32 & Docket Annotation.
[24]   *See* Doc. 38-2 at 4.
[25]   *See id.* at 4-5.
[26]   *See id.*

On February 10, 2026, the day after receiving the Third Circuit's judgment, the Court reopened Gannaway's case and entered an order granting him an extension of 21 days to file an amended complaint.[27]  The Court explicitly informed Gannaway that he must adhere to the directions for amendment provided in the Court's April 8, 2025 Memorandum and Order.[28]  The Court noted that courtesy copies of the April 8, 2025 Memorandum and Order were remailed to his halfway house address on April 30, 2025,[29] and the Court likewise provided an additional courtesy copy of those documents to Gannaway with the February 10, 2026 Order, using Gannaway's most recent mailing address obtained from the Third Circuit's docket.[30]

More than 21 days passed, but Gannaway failed to file an amended complaint or any other communication with the Court.  Thus, on March 5, 2026, the Court entered a follow-up Order,[31] *sua sponte* giving Gannaway 14 additional days to file an amended complaint.  The March 5 Order expressly warned Gannaway that if no amended complaint was timely filed, the Court would once again dismiss the case with prejudice.[32]

---

[27]  *See* Doc. 35; Doc. 36.
[28]  *See* Doc. 35 at 1 ¶ 2.
[29]  *See id.* at 1 n.3.
[30]  *See id.* at 2 ¶ 3 & Docket Annotation foll. Doc. 35.
[31]  Doc. 37.
[32]  *Id.* at 2 ¶ 2.

Instead of taking the simple step of filing an amended complaint, Gannaway called the Clerk's Office on March 20, 2026 (after his amended complaint deadline had already passed), and left a voicemail asking, *inter alia*, for additional time to amend his pleadings.[33]  Such telephonic requests are improper.[34]  Nevertheless, the Court—once more erring on the side of caution—issued an Order on March 24, 2026, extending the previous deadline (March 19, 2026) by an *additional* 21 days and thus requiring the amended complaint by April 9, 2026.[35]  That Order also admonished Gannaway that all motions must be in writing and no further requests would be entertained via telephone.[36]  Gannaway was once again informed that if he failed to timely file an amended complaint by April 9, his case would be dismissed and closed.[37]

Later that same day (March 24, 2026), the Court received a combined motion for an extension of time to file an amended complaint and for appointment of counsel from Gannaway.[38]  As the Court had already addressed the extension of time, it focused solely on Gannaway's request for appointment of counsel.  The Court denied that motion without prejudice on March 26, 2026.[39]  Specifically, the

---

[33]   *See* Doc. 39 at 2.
[34]   *See* LOCAL RULE OF COURT 7.1 (requiring motions to be in writing).
[35]   *See* Doc. 39 at 2 ¶ 1.
[36]   *Id.* at 2 ¶ 2.
[37]   *Id.* at 2 ¶ 3.
[38]   Doc. 40.  The letter also discussed an injunction for matters unrelated to the instant lawsuit. *See id.* at 2 ¶ 10.
[39]   Doc. 41.

Court observed that because Gannaway's initial complaint had been dismissed for failure to state a claim for relief, and because he had still not filed an amended pleading despite being given multiple extensions of time to do so, the Court was unable to determine the threshold issue of whether his Section 1983 lawsuit had "arguable merit in fact and law."[40]  The Court further explained that Gannaway had failed to adequately establish his need for an attorney, as his single, unadorned assertion that his case was "complex" was belied by his original complaint.[41]

The April 9, 2026 deadline for an amended complaint once again came and went.  No amended complaint was filed.

On April 16, 2026, the Court received correspondence from Gannaway dated April 8, 2026, and titled "Objection to Denying My Motion for Extension of Time and My Stage 4 Cancer that was Neglected by the Listed Defendants and the Guadenzia [sic] Halfway House Disregarding My Serious Medical Needs."[42]  In this four-page, small font, single-spaced document, Gannaway disputes the Court's March 26, 2026 denial of appointment of counsel, requests that the Court entertain oral argument instead of requiring him to file an amended complaint, and raises numerous issues that should be contained in an amended pleading.[43]

---

[40]  *See id.* at 2 (quoting *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)).
[41]  *See id.* at 2-3.
[42]  Doc. 42.
[43]  *See generally id.*

First, the Court will not revisit the recent denial of appointment of counsel. There is a limited number of available pro bono attorneys in this district, and the Court will not waste time and potential appointment of pro bono counsel where it cannot make the required threshold determination of whether the case has "arguable merit in fact and law."[44]  The Court likewise reaffirms the additional reasons for denial provided in the March 26, 2026 Order.

Second, the Court will not schedule oral argument in this case. Gannaway— like all other civil litigants whose cases are dismissed for failure to state a claim but leave to amend is granted—must simply <u>file an amended complaint</u>.  No more, no less.  Gannaway is quite capable of doing so, as he has filed innumerable motions, letters, objections, and even an appeal in this case.  Gannaway's lengthy, typewritten April 8, 2026 letter is incontrovertible evidence that he is capable of filing a "short and plain statement of the claim showing he is entitled to relief."[45] The Court will also provide Gannaway with a courtesy copy of a form civil rights complaint to use if he so desires.

Finally, the Court admonishes Gannaway that going forward, he should refrain from impugning the Court and its handling of his case.[46]  This Court has

---

[44]  *Tabron*, 6 F.3d at 155.

[45]  FED. R. CIV. P. 8(a).

[46]  *See, e.g.*, Doc. 42 ¶ 11 (accusing the Court of "play[ing] God"); Doc. 20 ¶ 4 (accusing the Court of "systemic racism" and incorrectly asserting that class certification was granted); Doc. 21 at 1 (accusing the Court of somehow being "more favorable" to the defendants, even though no defendant has been served in this action).

9

been extremely patient and lenient with Gannaway and the enforcement of deadlines imposed.  Rather than filing lengthy missives concerning how he believes his case is being mishandled, Gannaway should instead spend his time drafting an amended complaint that plausibly sets forth his Section 1983 claim against the SCI Camp Hill official or officials whom he alleges violated his constitutional rights.  The Court further admonishes Gannaway that no further requests for an extension to the deadline for the amended complaint will be entertained in this matter.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Gannaway's "objection" (Doc. 42) is **OVERRULED**.

2. Gannaway's request for oral argument in lieu of filing an amended complaint is **DENIED**.

3. Gannaway's request for reconsideration of the denial of appointment of counsel is **DENIED**.

4. Gannaway will be granted one final extension, until **May 22, 2026**, to file an appropriate amended complaint in this case.

5. If Gannaway does not file an amended complaint by the deadline set forth in paragraph 4 above, the Court will dismiss this case with prejudice for failure to prosecute and comply with court orders and once again CLOSE this case.

6.      No further requests for extensions shall be entertained.

7.      The Clerk of Court is directed to provide Gannaway with a copy of the form Section 1983 civil rights complaint utilized in this district, which Gannaway is free to use if he so desires.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge